UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 23, 2014

LETTER TO COUNSEL:

    RE:    *Randy L. Wiley v. Commissioner, Social Security Administration*;
            Civil No. SAG-13-2605

Dear Counsel:

    On September 9, 2013, the Plaintiff, Randy L. Wiley, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Supplemental Security Income and Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 14, 16. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Mr. Wiley filed his claims for benefits on March 3, 2009, alleging a disability onset date of December 18, 2007. (Tr. 216–26). His claims were denied initially and on reconsideration. (Tr. 100–04, 108–11). A hearing was held on May 3, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 33–95). Following the hearing, the ALJ determined that Mr. Wiley was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11–26). The Appeals Council denied Mr. Wiley's request for review, (Tr. 1–6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Mr. Wiley suffered from the severe impairments of right knee degenerative joint disease, right shoulder degenerative joint disease, obesity, a history of peripheral vascular disease and coronary artery disease, status post stenting of the right coronary artery in May 2010 and restenting in December 2010. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Wiley retained the residual functional capacity ("RFC") to:

> perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), except that he would be limited to performing activities between waist and shoulder level, would need to avoid overhead activities with the right upper extremity and could not perform fine manipulative activity to the extent that he cannot oppose his fingers, his thumb to his small finger, and would have pain with minimal activity to the extent that he would have to stop using his right dominant hand.

*Randy L. Wiley v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2605
June 23, 2014
Page 2

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Wiley could perform work existing in significant numbers in the national economy. (Tr. 25).

Mr. Wiley raises three primary arguments on appeal. First, he argues that the RFC assessment is erroneous, because the ALJ improperly weighed the opinion evidence. Second, he argues that the ALJ made an incorrect adverse credibility determination. Third, he argues that the ALJ failed to consider the combined effect of his impairments on his ability to work. Each argument lacks merit and is addressed sequentially.

First, Mr. Wiley argues that the ALJ failed to evaluate properly the opinion evidence. Pl.'s Mot. 14–18. He contends that the ALJ did not fully analyze the opinion of Chris Baker, a physician's assistant. *Id.* at 14. I disagree. Physicians' assistants are not considered "acceptable medical sources." *See* 20 C.F.R. §§ 404.1513(d)(1); 416.913(d)(1). Rather, they are characterized as "other sources." *Id.* Information from "other sources" cannot establish the existence of a medically determinable impairment; however, "other sources" can "provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 WL 2329939, at *2. In considering opinion evidence from "other sources," the ALJ may apply the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927. *Id.* at *4–5; *Bogie v. Colvin*, JKS-11-3700, 2014 WL 31884, at *4 (D. Md. Jan. 3, 2014) (noting that, when evaluating opinions from "other sources," SSR 06-03p provides an ALJ with the discretion to apply the factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d)). The ALJ need not discuss every factor; however, the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination of decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning…" SSR 06-03p, at *6.

Here, the ALJ fully explained the assignment of "minimal weight" to Mr. Baker's opinions. (Tr. 24). The ALJ first discussed Mr. Baker's findings and then reasoned that his opinions were not supported by the longitudinal medical record. *Id.* The ALJ noted Mr. Baker's limited physical findings and routine and conservative treatment. *Id.* The ALJ also highlighted the inconsistency between Mr. Baker's opinions and other medical evidence. *Id.* I find that the ALJ's assignment of weight is supported by substantial evidence. Mr. Wiley's treatment records demonstrate largely unremarkable physical examinations and treatment plans limited to medication management, dietary restrictions, and exercise. *See* (Tr. 594–621). Moreover, I note that not only are Mr. Baker's opinions inconsistent with other medical opinions, *see* (Tr. 355–62, 384–91), the opinions contradict one another. In one Medical Source Document, dated June 30, 2011, Mr. Baker opined that Mr. Wiley could lift up to 20 pounds occasionally, and sit, stand, or walk about 2 hours in an 8-hour work day. (Tr. 573). In a separate opinion, also dated June 30, 2011, Mr. Baker opined that Mr. Wiley could sit for 3 hours in an 8-hour work day, and could lift only approximately 10 pounds. (Tr. 661). Finding no error in the ALJ's evaluation of the opinion evidence, remand on this argument is not appropriate.

Second, Mr. Wiley asserts that the ALJ incorrectly applied the two-part test for assessing

*Randy L. Wiley v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2605
June 23, 2014
Page 3

a claimant's credibility. Pl.'s Mot. 18. Mr. Wiley contends that the ALJ's evaluation of the second prong was erroneous. *Id.* The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. The ALJ concluded that Mr. Wiley's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 23). However, his statements concerning the intensity, persistence and limiting effects of the symptoms were not credible. The ALJ noted that, with regard to Mr. Wiley's shoulder, knee, back, and wrist pain, the medical evidence of record established "routine, conservative, and unremarkable" treatment. *Id.* Moreover, Mr. Wiley had not received treatment for his knee and wrist impairment for several years. *See* (Tr. 23, 368–72, 403–411, 413–15). With respect to Mr. Wiley's cardiac impairment, the ALJ pointed out that the medical evidence established an improvement in his condition. (Tr. 23). I find that the ALJ relied on substantial evidence in assessing Mr. Wiley's credibility, and remand is not warranted.

Finally, Mr. Wiley argues that the ALJ failed to consider the combined effect of his impairments on his ability to work. Pl.'s Mot. 19–20. Mr. Wiley states that the ALJ "fail[ed] to acknowledge any correlation of [sic] aggravating effect that obesity could have on back and knee pain and limitations, or the effect that limited mobility could play upon hypertension of [sic] coronary heart disease." *Id.* at 19. This argument is entirely without merit. The ALJ expressly considered the effect that Mr. Wiley's obesity had on his other impairments. *See* (Tr. 18). Furthermore, despite a lack of objective medical evidence, and medical opinions suggesting otherwise, the ALJ limited Mr. Wiley to light work. *Id.* at 24. The ALJ gave Mr. Wiley the benefit of the doubt "in light of the combination of his impairments." *Id.* Thus, it is evident that, in assessing Mr. Wiley's RFC, the ALJ considered all of Mr. Wiley's impairments in combination. Remand, therefore, is inappropriate.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge